I must respectfully dissent. The majority misinterprets the contract for the sale of the automobile. I believe that the signature blank that Pointer failed to sign related to the fact that a used car is sold with no warranty. He was purchasing a new car. Therefore, the portion of the contract dealing with the fact that a used car comes with no warranty was not applicable to Pointer's purchase. I believe that this is the reason Pointer did not sign the signature block for that portion of the contract. He was not buying a used car. I do not think Pointer left that blank unsigned because he did not want to arbitrate any claims that he might have against Regal.
The used-car warranty provision was within a small box that was separated from the "Arbitration Clause" box by another clause relating to "window forms." See the copy of that form appearing as an appendix to this dissenting opinion. The contract highlighted the words "Arbitration Clause" only to bring the arbitration clause to the reader's attention. However, the unsigned signature blank relates to the statement regarding the warranty. The fact that the blank was below the warranty statement is enough for me to deny the petition for the writ of mandamus, because I see no abuse of discretion by the trial judge. There was some reasonable basis for the decision of the trial judge. In granting the motion to compel arbitration, the trial judge must have determined that the signature blank referred to the statement regarding the used car warranty. Because a writ of mandamus is extraordinary in nature, I would deny the petition. *Page 974 
[EDITORS' NOTE: The form IS ELECTRONICALLY NON-TRANSFERRABLE.] *Page 975 
[EDITORS' NOTE: The form IS ELECTRONICALLY NON-TRANSFERRABLE.]